SARAH G. PARKER, appellant,

*v.*

JOSEPH COMBS'S administrators, respondents.

A creditor of a decedent who presents his claims at any time before the decree of the orphans court barring creditors is actually taken, is in time, although the nine months limited in the order may have expired.

---

Appeal from order of Monmouth orphans court refusing to admit to a dividend a claim against the estate of Joseph Combs, deceased, not put in within the time limited in the order limiting creditors.

*Mr. W. H. Vredenburgh,* for appellant.

*Mr. C. Robbins,* for respondents.

THE ORDINARY.

The order to limit was taken January 26th, 1876, and the time limited therein was nine months. The order barring creditors was not made, however, until January 2d, 1877. The appellant did not put in her claim under oath within the nine months, but exhibited it a few days after they expired, and before the order barring creditors was entered. The view which was taken by the supreme court in *Ryder* v. *Wilson's Exr.*, *12 Vr.* *9*, as to the construction of the sixty-second section of the orphans court act (*Rev. 764*), which provides that the creditors failing to exhibit their debts shall, by *the decree barring them*, be barred, is conclusive of the controversy between the parties to this litigation. · It was there held that the creditor is not barred until the decree barring him is made. See, also, *Terhune* v. *White*, *7 Stew. Eq. 98*. The order of the orphans court appealed from is based on the construction that the creditor is barred if he fails to come in within the limited time, even though he does come in before the order barring creditors is made. It should be reversed, with costs.